UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

_____

IN RE:

Judy Ann Beaty                                    Case No.: 18-11210-BFK
                                                  Chapter 7
    Debtor.

_____

COLONIAL FUNDING NETWORK, INC.,                   Adversary Pro. #18-01073-BFK
as servicing provider for CONSOLIDATED
FUNDING, INC.,

    Plaintiff,

v.

JUDY ANN BEATY,

    Defendant.

_____

### STIPULATED ORDER

CAME THIS DAY THE PARTIES, by counsel, and moved the Court to enter a Stipulated Order approving settlement of the instant adversary proceeding.

The parties hereby agree and stipulate that Debtor's liability to Colonial Funding Network, Inc. as servicing provider for Consolidated Funding Inc. ("Colonial") is a debt for money owed and services provided which were obtained by the Debtor under false pretenses and through false statements and is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

The parties further agree and stipulate that the Debtor obtained money from Colonial by a written statement that was materially false with respect to Debtor's and/or an insider's financial condition, that Debtor caused the materially false statement to be published with the intent to deceive Colonial, that Colonial reasonably relied upon the same and that Debtor's liability to Colonial is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

Upon consideration thereof, the Court hereby ORDERS that the Plaintiff's Motion to Approve Settlement is GRANTED, and that the terms of the parties' Settlement and Forbearance Agreement, a copy of which is attached hereto as Exhibit 1, are hereby approved and incorporated into and made part of this Order, and the Court further

ORDERS that, as a result of the Settlement and Forbearance Agreement and the stipulations made herein, the Plaintiff, Colonial Funding Network, Inc. has a judgment against the Debtor, Judy Ann Beaty, in the amount of Two Hundred Seven Thousand Five Hundred Forty-Two Dollars and 47/100 ($207,542.47), and the Court further

ORDERS that the Plaintiff's judgment shall accrue interest at the rate of six percent (6%) per annum from the date of entry of this order, and the Court further

ORDERS that the Plaintiff's judgment is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B), and the Court further

ORDERS that the Plaintiff's objections pursuant to 11 U.S.C. §§ 523(a)(4), (a)(6), (a)(14) and (a)(14A) are hereby dismissed without prejudice.

The Clerk shall mail a copy of this order once entered to all parties according to the mailing matrix filed herewith.

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

ENTER:

Mar 6 2019

/s/ Brian F. Kenney
BRIAN F. KENNEY, JUDGE

We ask for this:

DOE: March 7, 2019

/s/ Timothy A. Hennigan
Timothy A. Hennigan, Esq.
Counsel for the Plaintiff
VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com email

/s/ John C. Morgan
John C. Morgan, Esq.
Counsel for the Defendant
VSB # 30148
NEW DAY LEGAL, PLLC

**CERTIFICATE**

I hereby certify that the foregoing Consent Order was endorsed by or on behalf of all necessary parties herein.

/s/ Timothy A. Hennigan

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

## MAILING MATRIX

Judy Ann Beaty
P.O. Box 763
Haymarket, VA 20169

John C. Morgan, Jr.
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186

Kevin R. McCarthy
Chapter 7 Trustee
McCarthy & White, PLLC
8508 Rehoboth Ct.
Vienna, VA 22182

John P. Fitzgerald, III
Office of the United States Trustee – Region 4
114 South Union Street, Room 210
Alexandria, VA 22314

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

Principal Balance: $207,542.47          Date: February 5, 2019
                                        Richmond, Virginia


EXHIBIT 1

### SETTLEMENT AND FORBEARANCE AGREEMENT

This Settlement and Forbearance Agreement (the "Agreement") is made as of February 5, 2019, by and between the Judgment Creditor, **Kapitus Servicing Inc.**, formerly **Colonial Funding Network, Inc.** as servicing provider for **Consolidated Funding, Inc.** ("Colonial" or "Creditor"), whose primary address is 120 West 2500 Wilson Blvd., Suite 350, Arlington VA 22201, and the Judgment Debtor, **Judy Ann Beaty** ("Debtor"), whose primary address is 6060 Pilgrims Rest Road, Broad Run, VA 20137 (all parties collectively referred to herein as the "Parties").

WHEREAS, the Debtor filed a chapter 7 bankruptcy (the "Bankruptcy") on April 5, 2018 in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court"), and

WHEREAS, prior to filing the Bankruptcy the Debtor executed a Revenue Based Factoring (RBF/ACH) Agreement (the "Agreement") with Colonial on behalf of B & W Excavating and Land Clearing Co., and personally as a guarantor, and

WHEREAS, B & W Excavating and Land Clearing Co. failed to pay Colonial as agreed, and Debtor failed to honor her personal guaranty of performance, and

WHEREAS, the Debtor agrees that at the time she filed the Bankruptcy she was justly indebted to Colonial for the full, outstanding balance of Two Hundred Seven Thousand Five Hundred Forty-Two Dollars and 47/100 ($207,542.47) (the "Balance"), and

WHEREAS, Colonial subsequently learned that B & W Excavating and Land Clearing Co. and the Debtor had made misrepresentations of material fact and thereby fraudulently induced Colonial to enter into the Agreement with B & W Excavating and Land Clearing Co. and the Debtor, and

WHEREAS, Colonial consequently filed an adversary proceeding objecting to the discharge of the Balance pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), (a)(6), (a)(14) and (a)(14A), and

WHEREAS, Colonial and the Debtor wish to resolve all disputes between them without the need for further litigation, and

WHEREAS, the Debtor has agreed to consent to the entry of an order granting Colonial judgment for the Balance with interest at the rate of six percent (6%) per annum from the date of judgment, and determining that the Balance is nondischargeable in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B) (the "Judgement"), and

Page 1 of 5                                  INITIALS: _____

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

WHEREAS, Colonial has agreed to withdraw its objection to the Debtor's discharge under 11 U.S.C. §§523(a)(4), (a)(6), (a)(14) and (a)(14A), and

WHEREAS, the Debtor wishes to pay the Balance in its entirety, but is unable to do so at this time, and

WHEREAS, the Debtor wishes to avoid further judicial enforcement of the Judgment during the time she is paying the Balance according to the terms contained herein, and

WHEREAS, the Creditor agrees to forbear its rights to further judicial enforcement of the Judgment so long as the Debtor pays the Balance according to the terms contained herein, and

WHEREAS, the Parties agree that this Agreement is subject to the approval of the Bankruptcy Court.

NOW, THEREFORE, in full and complete settlement of such claims and controversies, and in consideration of the mutual promises, covenants and undertakings set forth herein, the adequacy and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

The recitals set forth above shall be included herein as if repeated in full.

Except as otherwise specified herein, payments shall be made by Automated Clearing House (ACH) drafts on the account designated by Debtor, or by such other method the Creditor or its assigns, may designate, in accordance with the payment schedule below:

$100.00 via monthly ACH debits on the 13th of each month beginning on the first such date after entry of an order approving this Agreement and continuing until paid in full.

Debtor or her counsel shall provide Colonial with the bank account information along with a copy of a cancelled check clearly reflecting the routing number and account number and Colonial is hereby authorized to ACH debit the payments from such bank account. It is Debtor's responsibility to ensure that sufficient funds are in the account on the due dates prescribed above, and that the bank account provided to Colonial remains open and is not closed without Colonial's prior written consent. Debtor shall be liable for any fees incurred by Colonial for returned or rejected payments.

The full payment of the Judgment balance including any accrued interest, per the outlined payment terms above, shall satisfy the Judgment in full. Each Installment payment shall be first applied to the Judgment balance and then to accrued interest, if any. The Debtor may prepay the Judgment balance and any accrued interest at any time without penalty.

In the event of a default in any payment as the same becomes due and there being no cure period nor are there any requirements of written or other notice of default, then at the option of the

Page 2 of 5

INITIALS: _____

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

Creditor, or its assigns, and without prior notice to Debtor, the Creditor may exercise any and all rights to enforce the Judgment which it otherwise agreed to forebear herein. In the event of any such Default Colonial shall be entitled to recover costs of enforcement incurred after such default, including court costs and attorney's fees of 33.33% of the remaining Judgment balance. The Creditor's failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of a subsequent default.

Upon the post-judgment insolvency of Debtor, upon the application for the appointment of a receiver for Debtor or upon filing of a subsequent petition in bankruptcy by or against Debtor, the entire remaining Judgment balance, including accrued interest shall, at the option of the Creditor, become immediately due and payable, and the Creditor may exercise any and all rights to enforce the Judgment which it otherwise agreed to forebear herein.

All parties to this Agreement, including the Debtor, hereby waive presentment, notice of default, and notice of dishonor, protest and extension notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Agreement and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them. The Debtor hereby waives their benefit of any homestead exemption as to this Agreement and the Judgment.

Any and all liens which existed prior to the Bankruptcy against property of the Debtor, wherever situated and however held, shall remain in full force and effect until the Judgment balance is paid in full, and nothing contained herein shall affect the validity, priority or enforceability of any such liens. Nor shall this Agreement constitute a waiver of Colonial's right to have the Judgment docketed or domesticated in other jurisdictions, to obtain liens as a result of such docketing or domestication or to enforce the Judgment in and through such other jurisdictions in the event of default.

Unless otherwise expressly stated herein, nothing contained in this Agreement shall be read, construed, or understood as an agreement by, nor to impose any obligation upon, the Creditor to take or to forego any action to mitigate, undo, stay, release, or otherwise change any existing effect, impact, result, detriment, lien, etc. which may presently exist or which may later arise as a result of the Judgment's status and existence. Additionally, nothing contained in this Agreement shall be read, construed, or understood as limitation or forbearance of the Creditor's right, prior to full satisfaction, to file any papers, motion, request, etc. to extend the life of the Judgment so as to preserve the Creditor's rights in any court or courts in which it may already lie.

Except as otherwise expressly stated herein, nothing contained in this Agreement shall be read, construed, or understood to in any way modify, change, alter or otherwise settle the Creditor's rights under, nor any findings, rulings, judgments, etc. of the court contained within the Judgment.

Nothing contained herein shall be read or understood as a waiver of any right or rights Colonial may have against any other person or entity which is or may become liable to Colonial for the same balance.

Page 3 of 5

INITIALS: _____

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

This Agreement constitutes the entire agreement among the Parties and supersedes all other prior agreements and understandings, both written and oral, among the Parties, with respect to the subject matter hereof.

The Debtor and Creditor have had equal opportunity to negotiate and draft the terms hereof and no provision alleged to be ambiguous shall be construed for or against any party based on the identity of the draftsman of that provision.

This Agreement, or any provision hereof, may only be modified by a revised Agreement filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Agreement filed on the docket in the Bankruptcy.

Each person that executes this Agreement personally or on behalf of a party hereto represents that he or she is competent to do so, and is duly authorized to execute this Agreement on behalf of such party.

The Parties each represent and warrant that they are not violating any other agreement or agreements with any other person or entity by entering into this Agreement.

The Parties each represent and warrant that they have reviewed this Agreement with an attorney of their choosing, and that they are each entering into this Agreement after having been fully advised by their attorney.

This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile, "PDF" or other electronic counterparts, and which together shall constitute one and the same instrument.

The Debtor shall promptly provide to Colonial such additional or other financial information as Colonial may from time to time reasonably request, including information and/or documents necessary to perfect or maintain perfection of any liens.

The Debtor waives any claim under 11 U.S.C. §506. Colonial shall not be subject to the equitable doctrine of marshalling.

This Agreement shall be governed and construed in accordance with the laws of Virginia, without regard to choice of law provisions.

The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement and any related order or orders, except that in the event of Default Colonial may, at its option, enforce the judgment in and through any jurisdiction in which the Judgment may be or have been docketed or domesticated.

Page 4 of 5                                         INITIALS: _____

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com

WITNESS, the following signatures and seals.

DEBTOR: **Judy Ann Beaty**

Sign: _[signature]_

City/County of _Faquier_
State of _VA_
The foregoing instrument was acknowledged before me this _27th_ day of _Feb_, 2019
by _Shannon Taylor_.
My Commission Expires: _5/31/2021_

_[signature]_
Notary Public

CREDITOR: Kapitus Servicing, Inc., formerly
**Colonial Funding Network, Inc.**

Sign: _[signature]_
Holly S. Falkowitz, Esq.
Vice President and Deputy General Counsel
Kapitus Servicing Inc., formerly
Colonial Funding Network, Inc.

City/County of _New York_
State of _New York_
The foregoing instrument was acknowledged before me this _5th_ day of _March_, 2019
by _Holly S. Falkowitz_.
My Commission Expires: _4/2/22_

_[signature]_
Notary Public

Page 5 of 5                                      INITIALS: _[initials]_

Timothy A. Hennigan, Esq. VSB # 80466
The Nguyen Law Firm, PLC
P.O. Box 1958
Ashland, VA 23005
(804) 788-7070 Telephone
(804) 788-7676 Facsimile
thennigan@nhnlawfirm.com